# EXHIBIT A
# STATE COURT DOCUMENTS

DOCUMENT 1

ELECTRONICALLY FILED
12/5/2018 2:32 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>02 |
|---|---|---|

Date of Filing:   Judge Code:
12/05/2018

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ROOSEVELT HUNTER ET AL v. DAN LOCKWOOD HERRINGTON ET AL

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☐ Business ☑ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM<br>DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
ZOG003   12/5/2018 2:32:06 PM   /s/ ALEX W ZOGHBY MR.
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
12/5/2018 2:32 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **ROOSEVELT HUNTER AND** | ) |
| **ALMEDA ROBINSON** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CIVIL ACTION NO. _____** |
| **v.** | ) |
| | ) |
| **D & D TRANSPORT INC.; DAN** | ) |
| **LOCKWOOD HERRINGTON; A, B, and C,** | ) |
| **the persons, firm, or legal entity who was** | ) |
| **the employer and/or principal of DAN** | ) |
| **LOCKWOOD HERRINGTON and/or the** | ) |
| **driver of the tractor trailer rig that struck** | ) |
| **the Plaintiffs vehicle as pled in the** | ) |
| **complaint; D, E, and F, the person, firm,** | ) |
| **or legal entity who owned leased and** | ) |
| **controlled and/or operated the tractor** | ) |
| **trailer rig made the basis of this suit, all** | ) |
| **of whose true names are unknown, but** | ) |
| **will be added when ascertained** | ) |
| | ) |
| **Defendants,** | ) |

## COMPLAINT
## IDENTIFICATION OF THE PARTIES

1.      The Plaintiff ROOSEVELT HUNTER is an adult, of sound mind, and a resident of Mobile County, Alabama.

2.      The Plaintiff ALMEDA ROBINSON is an adult, of sound mind, and a resident of Mobile County, Alabama.

3.      The Defendant DAN LOCKWOOD HERRINGTON, is an adult and believed to be a resident of Lauderdale County, Mississippi.

4.      The Defendant D & D TRANSPORT INC. is a company licensed and operating in Mississippi, doing business in Alabama.

DOCUMENT 2

5.      The Defendants A, B, & C, whether singular or plural, who or which caused the vehicle occupied by DAN LOCKWOOD HERRINGTON, to collide with the vehicle occupied by the Plaintiffs on or about March 28, 2018 whose true name will be added by amendment when ascertained, if not otherwise stated herein.

6.      The Defendant, D, E, & F, is that person or entity, whether singular or plural, who or which owned the vehicle driven by DAN LOCKWOOD HERRINGTON, when it collided by the vehicle occupied by the Plaintiffs on or about March 28, 2018, whose true name will be added by amendment when ascertained, if not otherwise stated herein

## COUNT ONE: NEGLIGENCE

7.      Plaintiff, ROOSEVELT HUNTER, adopts and realleges all prior paragraphs as if set out fully herein.

8.      On or about March 28, 2018, at the intersection of St. Stephens Road and Shelton Beach Road in Mobile County, Alabama, the Defendants negligently caused or allowed a motor vehicle to collide with the motor vehicle occupied by the Plaintiff, ROOSEVELT HUNTER.

9.      As a proximate cause of the Defendants' said negligence, the Plaintiff was caused to suffer the following injuries and damages: Plaintiff received bodily injuries, pain and suffering, emotional distress and mental anguish; the Plaintiff has incurred and will continue to incur medical expenses in the treatment of his injuries; the Plaintiff is permanently injured.

WHEREFORE, the Plaintiff, ROOSEVELT HUNTER demands judgment for compensatory damages, plus interest and costs against the Defendants D & D TRANSPORT INC., and DAN LOCKWOOD HERRINGTON.

DOCUMENT 2

## COUNT TWO: WANTONNESS

10.     Plaintiff, ROOSEVELT HUNTER, adopts and realleges all prior paragraphs as if set out fully herein with the exception that the Plaintiff strikes the word "negligently", wherever the same appears, and inserts in lieu thereof the word "wantonly", and the Plaintiff strikes the word "negligence", wherever the same appears and inserts in lieu thereof the word "wantonness".

11.     The conduct of the Defendants was committed under such circumstances as to warrant the imposition of punitive damages, which are expressly claimed.

WHEREFORE, the Plaintiff, ROOSEVELT HUNTER, demands judgment for compensatory damages and punitive damages, plus interest and costs against the Defendants, D & D TRANSPORT INC., and DAN LOCKWOOD HERRINGTON.

## COUNT THREE: NEGLIGENCE

12.     Plaintiff, ALMEDA ROBINSON, adopts and realleges paragraphs 1-6 as if fully set out herein.

13.     On or about March 28, 2018, upon, St. Stephens Road at the intersection of Shelton Beach Road in Mobile County, Alabama, the Defendants negligently caused or allowed a motor vehicle to collide with the motor vehicle occupied by the Plaintiff, ALMEDA ROBINSON

14.     As a proximate cause of the Defendants' said negligence, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff received bodily injuries, pain and suffering, emotional distress and mental anguish; the Plaintiff has incurred and will continue to incur medical expenses in the treatment of her injuries; the Plaintiff has lost and will continue to lose wages as a result of this collision; the Plaintiff is permanently injured.

DOCUMENT 2

WHEREFORE, the Plaintiff, ALMEDA ROBINSON, demands judgment for compensatory damages, plus interest and costs against the Defendants D & D TRANSPORT INC., and DAN LOCKWOOD HERRINGTON.

## COUNT FOUR: WANTONNESS

15.     Plaintiff, ALMEDA ROBINSON, adopts and realleges all prior paragraphs as if set out fully herein with the exception that the Plaintiff strikes the word "negligently", where ever the same appears, and inserts in lieu thereof the word "wantonly", and the Plaintiff strikes the word "negligence", wherever the same appears and inserts in lieu thereof the word "wantonness".

16.     The conduct of the Defendants was committed under such circumstances as to warrant the imposition of punitive damages, which are expressly claimed.

WHEREFORE, the Plaintiff, ALMEDA ROBINSON, demands judgment for compensatory damages and punitive damages, plus interest and costs against the Defendants

## COUNT FIVE: NEGLIGENT ENTRUSTMENT

18.     Plaintiffs adopt and reallege all prior paragraphs as if fully set out herein.

19.     The term "entrustor" used in this count five refers to the Defendants, D & D TRANSPORT INC., DAN LOCKWOOD HERRINGTON, A, B, C, D, E, F, G, H and I.

20.     On or about March 28, 2018, the entrustor owned, controlled, or had custody of the motor vehicle driven by DAN LOCKWOOD HERRINGTON at the time it collided with the motor vehicle occupied by the Plaintiffs.

21.     At said time, the entrustor did place or entrust the operation and control of the motor vehicle driven by DAN LOCKWOOD HERRINGTON.

22.     At all times material hereto DAN LOCKWOOD HERRINGTON was incompetent to operate or control the motor vehicle by reason of his experience, habits or recklessness.

23.     At all said times hereto, the entrustor knew or should have known that DAN LOCKWOOD HERRINGTON was incompetent to operate or control the motor vehicle entrusted to him, but nonetheless placed or entrusted it to his operation and control.

24.     As a proximate result of the Defendants' negligent entrustment as described above, the Plaintiffs were caused to suffer the injuries and damages set forth in counts one and three hereinabove.

WHEREFORE, the Plaintiffs demand judgment for compensatory damages, plus interest and costs against the Defendants DAN LOCKWOOD HERRINGTON and D & D TRANSPORT,

Respectfully Submitted,

_____
s/ALEX W. ZOGHBY (ZOG003)
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICE OF ALEX W. ZOGHBY
2601 Dauphin Street
Mobile, Alabama 36606
Phone: (251) 479-1979
Facsimile: (251) 470-1771
Email: azoghby@zoghbylaw.com

## PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY ON ALL ISSUES

DOCUMENT 2

Please serve the Defendant by **CERTIFIED MAIL** as follows:

DAN LOCKWOOD HERRINGTON
10838 Byrd Dorner Road
Collinsville, MS 39325

DAN LOCKWOOD HERRINGTON
5022 Hartley Peavey Drive
Meridian, MS 39305

D & D TRANSPORT INC.
c/o COURTLAND GRAY
5022 Hartley Peavey Drive
Meridian, MS 39305

      Respectfully Submitted,
      s/ALEX W. ZOGHBY (ZOG003)
      Attorney for Plaintiff

DOCUMENT 3

ELECTRONICALLY FILED
12/5/2018 2:32 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PLAINTIFF: Roosevelt Hunter, et al   v. DEFENDANT: Dan Lockwood Herrington, et al

### NOTICE

TO : DAN LOCKWOOD HERRINGTON, 10838 BYRD DORNER RD., COLLINSVILLE, MISSISSIPPI 39325

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY **ALEX W. ZOGHBY.** WHOSE ADDRESS IS **2601 Dauphin St. Mobile, AL 36606.**  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You Are Hereby Commanded To Serve This Summons And A Copy Of The Complaint In This Action Upon The Defendant.

__xx___   This Service By Certified Mail Of This Summons Is Initiated Upon The Written Request Of The PLAINTIFF Pursuant To Rule 4.1(c) Of The Alabama Rules Of Civil Procedure.

_____                    _____BY:_____

DATE                                                 CLERK/REGISTER

### RETURN ON SERVICE

_____   Certified Mail Return Receipt Received In This Office On (Date)_____ (Return Receipt Attached Hereto).

_____   I Certify That I Personally Delivered A Copy Of This Summons And Complaint To
_____ in _____ County, Alabama on the
_____ day of _____, 201_.

DATE_____       _____

                                       SERVER SIGNATURE

ADDRESS OF SERVER

_____       _____

                                       TYPE OF PROCESS SERVER

_____

DOCUMENT 4

ELECTRONICALLY FILED
12/5/2018 2:32 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PLAINTIFF: Roosevelt Hunter, et al   v. DEFENDANT: Dan Lockwood Herrington, et al

### NOTICE

TO : DAN LOCKWOOD HERRINGTON,5022 HARTLEY PEAVEY DRIVE., MERIDIAN, MISSISSIPPI  39305

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY **ALEX W. ZOGHBY.** WHOSE ADDRESS IS **2601 Dauphin St. Mobile, AL 36606.**  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____     TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You Are Hereby Commanded To Serve This Summons And A Copy Of The Complaint In This Action Upon The Defendant.

___xx___     This Service By Certified Mail Of This Summons Is Initiated Upon The Written Request Of The PLAINTIFF Pursuant To Rule 4.1(c) Of The Alabama Rules Of Civil Procedure.

_____                    _____BY:_____

DATE                                                      CLERK/REGISTER

### RETURN ON SERVICE

_____     Certified Mail Return Receipt Received In This Office On (Date)_____ (Return Receipt Attached Hereto).

_____     I Certify That I Personally Delivered A Copy Of This Summons And Complaint To _____ in _____ County, Alabama on the _____ day of _____, 201_.

DATE_____          _____

                                                 SERVER SIGNATURE

ADDRESS OF SERVER

_____          _____

                                                 TYPE OF PROCESS SERVER

_____

DOCUMENT 3

 ELECTRONICALLY FILED
12/5/2018 2:32 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PLAINTIFF: Roosevelt Hunter, et al   v. DEFENDANT: Dan Lockwood Herrington, et al

### NOTICE

TO : D & D TRANSPORT INC., c/o COURTLAND GRAY, 5022 HARTLEY PEAVEY DRIVE, MERIDIAN, MISSISSIPPI  39305

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY **ALEX W. ZOGHBY.** WHOSE ADDRESS IS **2601 Dauphin St. Mobile, AL 36606.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____    TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You Are Hereby Commanded To Serve This Summons And A Copy Of The Complaint In This Action Upon The Defendant.

___xx___    This Service By Certified Mail Of This Summons Is Initiated Upon The Written Request Of The PLAINTIFF Pursuant To Rule 4.1(c) Of The Alabama Rules Of Civil Procedure.

_____    _____BY:_____

DATE                                          CLERK/REGISTER

### RETURN ON SERVICE

_____    Certified Mail Return Receipt Received In This Office On (Date)_____ (Return Receipt Attached Hereto).

_____    I Certify That I Personally Delivered A Copy Of This Summons And Complaint To _____ in _____ County, Alabama on the _____ day of _____, 201_.

DATE_____    _____

                                          SERVER SIGNATURE

ADDRESS OF SERVER

_____    _____

                                          TYPE OF PROCESS SERVER

_____

DOCUMENT 6

ELECTRONICALLY FILED
12/5/2018 2:32 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT HUNTER AND ALMEDA ROBINSON | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. _____ ) ) |
| D & D TRANSPORT INC.; DAN LOCKWOOD HERRINGTON et. al v | ) ) ) |
| Defendants, | ) ) ) ) |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANTS

COME NOW the Plaintiffs and propound to the Defendants, jointly and severally, the following Interrogatories and Requests for Production of Documents to be served and responded to within forty-five (45) days after service.

### Definitions

A.      "You" or "your" means the named party to whom this discovery is addressed and every other individual who, by acting as a representative of such party, can be required by such party to furnish that party with information.

B.      "Person" or "persons" means any individual, partnership, corporation, company,

association or other entity.

C.      "Document" means any written, electronic, recorded or graphic representation either produced or reproduced and any copy thereof, including, but not limited to, letters, memoranda, telegrams, written agreements, press releases, diaries, tapes, any electronic data processing medium of storage, books, magazines and any

other publication, now or formerly in your actual or constructive possession, custody or control.

D.      "Identify," "identification," or "identity" when used in reference to a person, as defined in paragraph B above, means to state (1) his or her full name, present or last known residence and business address, **and** home, business, and mobile telephone number.

E.      "Identify," "identification," or "identity" when used in reference to a document means to state the type of document (e.g., letter, memoranda, email, press release, etc.) or some other means of identifying it; its date, author and addressee, if any; and present location or custodian.  If such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

F.      The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these interrogatories and request for production any information which might otherwise be construed to be outside their scope.

G.      The terms "describe" or "state" when used with reference to a document means to state the following as to each document.

1.      The nature and contents thereof.

2.      The date thereof.

3.      The name, address, and position of the author or signer thereof.
4.      The name, address, and position of the addressee, if any.

5.      The present location thereof and the name, present address and position of the person or persons having present custody thereof.

H.      The terms "describe" or "state" when used with reference to facts means:

  1.  Describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law.

  2.  Include all details as to identity of persons involved, time, place and manner.

I.  The term "driver" shall mean the person operating the tractor trailer rig made the basis of this suit at the time of the incident, as well as any co-drivers who were in the cab with the actual driver.

## INTERROGATORIES

1.  Please identify, as defined above, all persons responding to or assisting in the responses to these interrogatories and request for production.

2.  Is the Defendant, D & D TRANSPORT INC., properly identified in the complaint, and if not, please provide the correct legal name for said deficiency.

3.  Please state Defendant DAN LOCKWOOD HERRINGTON'S full name, date of birth, social security number, commercial driver's license number and issuing state.

4.  Please identify, as that term is defined above, each person known to you or your representatives (including your attorneys) who claim to have any knowledge of the following:

  a.  The facts as to how the collision made the basis of this suit occurred;

  b.  The driving and safety record of DAN LOCKWOOD HERRINGTON;
  c.  The information contained in the log books of DAN LOCKWOOD HERRINGTON;

  d.  The plaintiffs' injuries or claimed damages.

5.  With regard to each person identified in the preceding interrogatory, please set forth what facts or opinions you understand said person(s) possess.

6.      Please identify, as that term is defined above, all persons who were in the vehicle driven by DAN LOCKWOOD HERRINGTON, at the time of the incident made the basis of this suit.

7.      Please identify, as that term is defined above, each individual who investigated the collisions made the basis of this suit on your behalf (including any experts that conducted any inspections of the subject vehicles), and state the facts discovered during said investigation.

8.      Please state, as that term is defined above, how the collisions made the basis of this suit occurred.

9.      Does DAN LOCKWOOD HERRINGTON claim that there was any mechanical issue with the tractor or trailer that caused or contributed to the collisions made the basis of this suit?  If so, please identify each said mechanical issue.

10.     Do you agree that DAN LOCKWOOD HERRINGTONwas negligent in the operation of his motor vehicle as alleged in the complaint?  If not, please set forth every fact upon which you rely in denying this allegation, and identify each person who has knowledge of said facts.

11.     Do you claim that the Plaintiffs or any other person were negligent in any respect relative to the incident made the basis of this suit?  If so, then please state each and every fact upon which you rely in asserting this defense, and identify each person who has knowledge of said facts.

12.     Please identify all expert witnesses whom you expect to call at the trial of this cause, and, with regard to each said expert, provide the Alabama Rules of Civil Procedure 26 information concerning each said expert, which includes the qualifications which you contend qualify him or her as an expert witness, and the substance of the facts and opinions to which you expect such expert to testify at the trial of this action.

DOCUMENT 6

13.     Please identify, as that term is defined above, each person from whom you have taken a statement relative to the incident made the basis of this suit, and state the date and by whom the statement was taken.

14.     Please state the hierarchy of command and/or chain of command with regard to your operations, specifically setting forth the safety management structure of your company, and for each position, provide a summary of each management position's responsibility.

15.     Please identify all individuals that have spoken to the Plaintiffs concerning the incident made the basis of this suit, and set forth all statements made by any Plaintiffs.

16.     Please set forth the trip history of the vehicle being driven by DAN LOCKWOOD HERRINGTONfor that trip during which the accident occurred, including the point of origin, the intended destination and all stops at any intermediate points prior to the occurrence in question, including initial departure time, and arrival times of all intermediate stops prior to the occurrence in question.  With regard to this interrogatory, please set forth in detail the time, dates, and locations of all stops, starts, or rest periods.

17.     Please state the name of all educational institutions attended by DAN LOCKWOOD HERRINGTON from high school forward, including any technical or job-training courses, the dates attended, and the certificate, degree, or diploma awarded by each such institution.

18.     If you have ever pleaded guilty to or been convicted of a felony or misdemeanor, state the nature of the offense, the date of the plea or conviction, and the court's location.

19.     Please identify each and every traffic violation, ticket, citation, warning, reprimand and/or disciplinary action received by DAN LOCKWOOD HERRINGTONat any

time within five (5) years prior to the collision, including the date, reason and outcome of same.

20.     If DAN LOCKWOOD HERRINGTON driver's license has ever been suspended, restricted, or revoked, please state when and where, and the date of reinstatement, if any.

21.     Was DAN LOCKWOOD HERRINGTON suffering from any physical disability or impairment at the time of the occurrence mentioned in Plaintiffs' Complaint? If so, please describe such disability or impairment.

22.     Did DAN LOCKWOOD HERRINGTON consume any alcoholic beverages, medication, or drugs within the twenty-four-hour period prior to the accident made the basis of this suit?  If so, state the names and addresses of the places where said alcoholic beverages, medications, and/or drugs were consumed and describe the quantity and type of drinks, medication or drugs which were consumed in said period of time.

23.     Did DAN LOCKWOOD HERRINGTON or anyone else traveling with DAN LOCKWOOD HERRINGTON have a cellular telephone in the truck at the time of the collision?  If so, then please provide said phone numbers and the carrier's identity.

24.     Please identify any vehicular accidents that occurred during the period of five (5) years prior to the accident made the basis of this suit which involved driver DAN LOCKWOOD HERRINGTON.  For purposes of this interrogatory, "identify" means a brief description of the accident, the exact location, the resulting injuries, date of the accident, the names and last known addresses of all persons involved or injured, and whether your driver was cited by any municipal, state or federal investigatory agency or board arising out of said accident.

25.     Did D & D Transport,  require DAN LOCKWOOD HERRINGTON to submit to any type of blood test, breath test, or drug screen/analysis as a result of the collision

made the basis of this suit?  If so, state the date of the test(s), the time of the test(s), the results of the test(s), and the identity where the documents generated at or as a result of the test(s) are located, and identify who performed the test(s).

26.     Was DAN LOCKWOOD HERRINGTON suspended, disciplined, or fired by you as a result of the accident made the basis of this suit?  If so, state the date such action was taken, the person or persons who decided to take such action, and identify any documents that reflect or relate to such action.

27.     Identify the training manager, safety manager, safety director, safety coordinator, and all members of any safety committee of D & D TRANSPORT INC.  as it relates to the operation of D & D TRANSPORT INC vehicles, during the 6 months prior to the subject collision.

28.     Identify any training and education program or classes, meetings or gatherings held by or at the direction of D & D TRANSPORT INC.  which addressed, in whole or in part, the safe operation of a tractor-trailer rig and which were attended by DAN LOCKWOOD HERRINGTON from the time of hire until the time of the collision.

29.     Identify all documents that DAN LOCKWOOD HERRINGTON or his co-driver prepared or created that relate to the trip made the basis of this suit.

30.     Describe in detail the method of calculating the pay, compensation, wages, salary, bonus, or commission of DAN LOCKWOOD HERRINGTONduring the calendar year which included the date of the collision.

31.     With regard to the tractor and trailer involved in the collision, please state the name and address of the owner, the make, year, model, and registration number of each, the gross weight of the tractor-trailer after the trailer was loaded on the day of the collision, if applicable, and the empty weight of the tractor-trailer before it was loaded on the day of the collision.

32.     If the subject tractor was equipped with a position tracking or communication device, please:

    a.    Identify the entity with whom you contracted for the purchase, rental, and monitoring of said device;

    b.    Identify the person within your company that monitored the data obtained or transmitted by the device.

33.     If the subject tractor-trailer was equipped with a mechanical device that measured any of the following information: the vehicle speed, location, engine RPM, braking, hours driven, miles driven or time at rest, then please state a description and manufacturer of the device, when and by whom installed, who had authority and/or ability to adjust and/or download the subject device, the location of the printouts or readings from the subject device relating to the date of the subject incident and the 30 days preceding the incident made the basis of this suit.

34.     If the subject tractor-trailer had a "governor" or speed control system, please state who manufactured it, when it was installed, who installed it, and the maximum speed permitted by that device.

35.     Please state whether DAN LOCKWOOD HERRINGTON was an employee of D & D TRANSPORT INC. at the time and place of the incident made the basis of this suit, and whether he was operating the tractor-trailer rig in the course and scope of said employment. If your answer is anything other than yes, please state in detail your business relationship with DAN LOCKWOOD HERRINGTON, and identify the person, firm, or legal entity who you believe was DAN LOCKWOOD HERRINGTON's employer at the time of the incident made the basis of this suit.

DOCUMENT 6

## REQUESTS FOR PRODUCTION

Please produce the following:

1.    <u>Accident Reports</u>.   (1) All reports made to, by, or on behalf of any governmental agency, police, or law enforcement official regarding the motor vehicle accident referred to in Plaintiffs' Complaint including any entry on an accident register. This includes a copy of the accident register and the information contained therein as maintained by defendant pursuant to 49 CFR Section 390.15.  (2) All incident reports, investigation reports, emails, or other documents created by you relative to any investigation conducted by you concerning the incident made the basis of this incident.

2.    <u>Information About the Plaintiffs</u>.   All documents, photographs, videos or other data or information that purport to depict or contain information about any member of the Plaintiffs or Plaintiffs' family.  This would include any documents received from any non-party subpoenas.

3.    <u>Photographs</u>.   All photographs, videotapes, movies, or other visual reproductions of the scene of the motor vehicle accident referred to in Plaintiffs' Complaint, the vehicles involved in the motor vehicle accident, and/or of Plaintiffs.

4.    <u>Audiotapes</u>. All audiotapes or recordings of calls made to 911, or to other emergency responders, or to D & D TRANSPORT INC.  or his representatives, on the date of the collision, which were related to DAN LOCKWOOD HERRINGTON, his truck, any co-driver, or the collision.

5.    <u>Drawings</u>.  All drawings, graphs, charts, and diagrams of the scene of the collision referred to in Plaintiffs' Complaint.

6.    <u>Statements</u>.  All records of calls and/or communications made to and/or from employees or agents of McArthur Byrd, Jr. and the driver and/or occupants of the subject tractor-trailer on the date of the collision and for 30 days prior to the collision.

DOCUMENT 6

7.      Investigation.  All photographs, notes, measurements, and data collected after the

Subject Collision related to the incident made the basis of this suit.

8.      Expert Opinion Information.  Produce the following documents:

a.      Any and all notes, recordings, photographs and information gathered by or provided to your experts that relate to any opinions that they may have regarding the incident made the basis of this suit;

b.      All documents or other items said expert has reviewed relative to this case;

c.      All correspondence with Defendants and/or any attorney representing Defendants, including letters, memos, phone messages, and any documentation regarding such communication;

d.      All correspondence with any other expert who has been associated with this case on behalf of Defendants, including letters, memos, phone messages or any other documentation regarding such communication;

e.      All notes and memorandum in any form made in the investigation of this case or in preparation of trial;

f.      All photographs, videos, maps, sketches, diagrams, charts, models or other demonstrative aids made or developed by said expert, you, or anyone in your employ, or on your behalf or at your instruction, or any other person whomsoever, that relate to the incident made the basis of this suit;

g.      All contracts and retainer agreements entered into by said experts with anyone acting on behalf of Defendants;

h.      A copy of said expert's most recent Curriculum Vitae and Resume;

DOCUMENTS

i. A list of each and every publication, book, treatise, journal, pamphlet, text and/or written document which said expert has published (either solely or jointly);

j. A detailed list of any and all documents, records or other material which you have reviewed in connection with this case;

k. The complete file which said expert has established regarding this case;

l. Any and all reports, draft reports, preliminary reports, notes, memoranda, documents, video-tapes or other writings, containing or that relate to said expert's

opinions in this case;

m. Copies of any citations, standards, or regulations which said expert reviewed during his/her investigation of this matter;

n. Any document or thing whatsoever relied upon by said expert in the formulation of said expert's opinion(s) expressed in this matter;

o. All reports, draft reports, preliminary reports, notes, memoranda, or correspondence generated, reviewed or received by said expert during his/her investigation of this matter;

p. All records reflecting time spent on this case, including billing records, charges, payments, and invoices.

q. A list of all cases in which you have testified, either at trial or by deposition, during the previous five years.

  9. <u>Insurance</u>.  A copy of the insurance policy, Declaration Pages, and Certificate of Coverage for any and all insurance agreements, including any excess and/or umbrella coverage, which may indemnify D & D TRANSPORT

DOCUMENT 6

INC.  and/or DAN LOCKWOOD HERRINGTON, in whole or in part for any judgment Plaintiffs may obtain in the instant action.

10. <u>Interrogatories</u>.  All documents identified in response to any of Plaintiffs' First

Interrogatories directed to Defendants.

11. <u>Ownership</u>.  All ownership and registration records for the truck and trailer involved in the collision.

12. <u>Maintenance</u>.  For the period of time beginning twelve (12) months prior to the collision referred to in Plaintiffs' Complaint through one hundred and eighty (180) days after the collision, produce all repair records, repair estimates, work orders, invoices, agreements and statements of any maintenance and/or service performed, including but not limited to those maintained in accordance with the Federal Motor Carrier Safety Administrations Regulations and driver daily vehicle condition reports on the tractor-trailer unit operated by DAN LOCKWOOD HERRINGTON, at the time of the motor vehicle accident referred to in Plaintiffs' Complaint.

13. <u>Inspections</u>.  All records of any inspection of the tractor driven by DAN LOCKWOOD HERRINGTON for six (6) months prior to the date of the collision through six (6) months after said collision.

14. <u>Data Request</u>.  All documents relating to the position, location, travel, braking and/or speed of any commercial vehicle driven by DAN LOCKWOOD HERRINGTON any time within the six (6) months prior to and including the Subject Collision during his employment or training with defendant McArthur Byrd, Jr. This request includes, but is not limited to, data created on or maintained by defendant's computers, including but not limited

to data from defendant's Operations Center that tracks tractor or trailer positions, data from defendant's utilization of the Qualcomm Satellite System, or a comparable satellite tracking system, tractor trip recorder information, tachograph charts, and computer generated trip printouts, data from an Electronic Control Module and/or a Crash Data Retrieval System (or "black box"), or data from any other electronic system which measures the vehicle's braking, speed and/or the engine's RPM.

15. <u>Specific Data Request</u>.   All documents relating to the position, location, travel and/or speed of the tractor-trailer driven by DAN LOCKWOOD HERRINGTON on the day of the collision referenced in Plaintiffs' Complaint and for the thirty (30) day period before the collision.   This request includes, but is not limited to, data created on or maintained by any third party with whom McArthur Byrd, Jr. contracted with to collect said data, including but not not limited to data received from the GeoLocator installed on the tractor made the basis of this suit.

16. <u>Diaries or Logs of DAN LOCKWOOD HERRINGTON and any person in the tractor rig at the time of the collision made the basis of this suit</u>. Any diaries or logs kept by DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) or created on said individual's behalf regarding the trip during which the collision occurred, and during their employment or training with defendant D & D TRANSPORT INC.  during the six (6) months preceding the collision, including records of duty status or driver's daily logs and any summaries.

17. <u>Log Audits</u>.   All records of any audits of DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision

made the basis of this suit) logs at any time during his/their employment with D & D TRANSPORT, INC.

18. <u>Duty Status</u>.   All documents reflecting or pertaining to DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) record of duty status at any time during his/their employment or training with McArthur Byrd, Jr.

19. <u>Trip Reports</u>.  All trip reports, including all daily log summaries, for DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) at any time during the 30 days preceding the collision, including the date of the collision.

20. <u>Fuel Receipts</u>.   All fuel receipts and any other records of fuel purchased by DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) at any time during the 30 days preceding the collision.

21. <u>Travel Documents</u>.   All receipts or documents relating to work performed DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit), including receipts for meals, motels, lodging, weight tickets, permits, maintenance, repair or tolls at any time during the 30 days preceding the collision.

22. <u>Dispatch</u>.   Please produce all documents and data relating to dispatch and/or operational records, logs, notes and orders which relate in any way to DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) and/or the vehicle he was operating at the time of the collision made the basis of this suit, at any time during the 30 days preceding the collision.

23. <u>Cellular Phone Records</u>.  All documents that evidence cellular phone calls, including records of text messages made and/or received by DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) for the period of 30 days preceding the collision and 24 hours following the collision, including but not limited to, phone bills, statements, logs, etc.

24. <u>Call-In Records</u>.   All documents, emails, and Qualcomm messaging regarding or memorializing communications between McArthur Byrd, Jr. and DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) at any time during the 30 days preceding the collision.

25. <u>Personnel File of DAN LOCKWOOD HERRINGTON and any person in the tractor rig at the time of the collision made the basis of this suit</u>. All documents contained in any file, including any personnel file of defendant D & D TRANSPORT INC.  that relate to and/or mention DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit), including, but not limited to the following:

a.      All pre-employment questionnaires or other documents provided to defendant D & D TRANSPORT INC. by said individuals before their hiring;

b.      Said individuals' employment application(s);

c.      All of said individuals' violation statements;

d.      Documents pertaining to road and written tests administered to said individuals;

e.      All certificates regarding testing that were issued by D & D TRANSPORT, INC. or any other motor carrier to said individuals;

f.      All documents received from other employers of said individuals regarding said individuals, and all documents memorializing information regarding said individuals obtained from other employers of said individuals;

g.      All documents arising out of inquiries into said individuals' driving record and copies of their medical cards and motor carrier certification of driver qualifications cards;

h.      All records reflecting said individuals' work and/or training attendance and time off from work and/or training;

i.      All documents regarding said individuals' hiring, any suspensions, termination, warnings to or discipline of said individuals, and complaints regarding said individuals;

j.      All documents regarding terminal audits and roadside equipment and/or driver inspection reports, traffic citations, or traffic warnings regarding said individuals;

k.      All photographs of said individuals in the possession of D & D TRANSPORT, INC.. or his agents;

l.      Copies of each said individual's driver license(s);

m.      Copies of each said individual's Social Security Card;

n.      Copies of each said individual's passport or any other documents evidencing

        citizenship;

o.      All reviews or evaluations of said individuals, including any safety or performance awards; and,

p.      All documents pertaining to any drug testing of said individuals.

26.     <u>Changes to Personnel File</u>.  All documents removed from DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) personnel file at any time.

27.     <u>Driver Qualification File – DAN LOCKWOOD HERRINGTON and any person in the tractor rig at the time of the collision made the basis of this suit</u>.  All documents and tangible things contained in each said individual's "driver qualification file."

28.     <u>Changes to Driver Qualification File</u>.  All documents and tangible things ever removed from DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) "driver qualification file."

29.     <u>Financial Records</u>.  All documents reflecting financial and monetary transactions (e.g., salary, expense reimbursement, etc.) involving DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) and arising out of their performance of job or training duties for defendant D & D TRANSPORT INC.  at any time during their employment or training with McArthur Byrd Jr., during the six (6) months preceding the Subject Collision.

30.     <u>Payroll Records</u>.  All pay records for DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) as a driver or trainee for McArthur Byrd, Jr. during the six (6) months preceding the Subject Collision.

31.   <u>Written Agreements</u>.   All written agreements or arrangements between DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) and McArthur Byrd Jr., concerning the use of the tractor-trailer unit being operated by DAN LOCKWOOD HERRINGTON at the time of the collision referred to in Plaintiffs' Complaint, and all written agreements between DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) and D & D TRANSPORT INC. concerning DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) employment or training with McArthur Byrd, Jr.

32.   <u>Driver Training School</u>.   All records relating to DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) attendance in any driver training school conducted by D & D TRANSPORT INC. or by any other entity.

33.   <u>Training Documents</u>.   All driver manuals, driver training materials, driver safety materials, guidelines, policies, procedures, rules or regulations, including but not limited to all documents, sign-in sheets or other records of attendance, photographs, slides, computer programs, motion pictures or videotapes, provided or made available to DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) by D & D TRANSPORT INC. from the time of DAN LOCKWOOD HERRINGTON 's (and any person in

DOCUMENT 6

the tractor rig at the time of the collision made the basis of this suit) hire until the time of the collision.

34.    <u>Documentation of Evaluation</u>.   All documents, emails, correspondence, etc. which in any way make reference to any observation, evaluation, recommendation, or concern regarding DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) performance during training or his/their ability to operate a vehicle or pass a driving test.

35.    <u>Written Warnings</u>.  All documentation regarding warnings, tickets, or citations issued to DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) within five (5) years prior to the collision referred to in Plaintiffs' Complaint.

36.    <u>Reports of Careless Driving</u>.  All documents pertaining to any report of inattentive, careless, unsafe or reckless driving and/or speeding by DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit).

37.    <u>Notification of Convictions for Driver Violations</u>.    All documents evidencing any notification ever made to D & D TRANSPORT INC.  of any convictions for driver violations made by DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit).

38.    <u>Notification of Driver's License Suspension</u>.  All documents in your possession, custody or control evidencing any notification ever made to D & D TRANSPORT INC.  regarding any suspension of DAN

DOCUMENT 6

LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) license.

39.   Investigation and Inquiries.   All documents and tangible things in your possession, custody or control pertaining to any "investigation and inquiries" made by and/or on behalf of you pursuant to 49 C.F.R. Section 391.23 regarding DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit).

40.   Record Reviews.   All documents and tangible things in your possession, custody or control pertaining to reviews you performed of DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) driving record.

41.   List of Violations.   All documents and tangible things pertaining to any "lists" or certifications ever provided to you by defendant DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) pursuant to 49 C.F.R. Section 391.27.

42.   Drug and Alcohol Testing.   All documents and tangible things related to any alcohol and/or controlled substance testing of DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) performed pursuant to 49 C.F.R. Part 382, including, but not limited to the following:

a.   On-duty testing;

b.   Pre-duty testing;

c.   Post-accident testing;

d.      Controlled substance testing;

e.      Pre-employment testing;

f.      Random testing;

g.      Reasonable suspicion testing;

h.      Return-to-duty testing; and

i.

j.      Follow-up testing.

43.     Refusal.  All documents and tangible things pertaining to any refusals by defendant DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) to submit to an alcohol and/or controlled substances test.

44.     Discipline.  All documents, including but not limited to reports, memos, notes, or logs evidencing complaints about DAN LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the collision made the basis of this suit) arising out of his/their job as a professional driver and/or as a driver trainee, along with any investigation or disciplinary action which was taken or contemplated.

45.     Driving Experience.  All records relating to DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) driving experience including, but not limited to, driver's licenses, chauffeur licenses, documents reflecting license revocation and/or suspension and DAN LOCKWOOD HERRINGTON 's (and any person in the tractor rig at the time of the collision made the basis of this suit) employment history as a professional driver.

46.     <u>Collisions, Accidents or Injuries</u>.  All documents relating to
any collisions, accidents, personal injury or death which DAN LOCKWOOD
HERRINGTON (and any person in the tractor rig at the time of the collision
made the basis of this suit) has caused or been involved with, including all
reports made by defendant DAN LOCKWOOD HERRINGTON to any
trucking company of any such accident, for the period of five (5) years prior
to the occurrence in question.

47.     <u>Policy or Procedures Manual</u>.  Any documents setting forth
policies or procedures that applied to DAN LOCKWOOD HERRINGTON
(and any person in the tractor rig at the time of the collision made the basis
of this suit) and/or the operation of the tractor-trailer operated by

DAN LOCKWOOD HERRINGTON at the time of the collision referred to
in Plaintiffs' Complaint, including but not limited to all employment, safety, and/or
procedural manuals or driver manuals provided or made available to DAN LOCKWOOD
HERRINGTON (and any person in the tractor rig at the time of the collision made the
basis of this suit) by D & D TRANSPORT

48.     <u>Specific Policies and Procedures</u>.  All documents and tangible things that
evidence or discuss your policies and procedures regarding the performance of
"investigation and inquiries" pursuant to 49 C.F.R. Section 391.23 regarding DAN
LOCKWOOD HERRINGTON (and any person in the tractor rig at the time of the
collision made the basis of this suit).

Respectfully submitted,

 /s/ Alex W. Zoghby
ALEX W. ZOGHBY (ZOG003)
The Law Office of Alex W. Zoghby
2106 Dauphin Street
Mobile, Alabama 36606
Telephone: (251) 4791979
Facsimile: (251) 470-1771
azoghby@zoghbylaw.com


**TO BE SERVED WITH COMPLAINT**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2018-903086.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

**NOTICE TO:** DAN LOCKWOOD HERRINGTON, 10838 BYRD DORNER RD, COLLINSVILLE, MS 39325

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROOSEVELT HUNTER

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 12/5/2018 2:33:00 PM | /s/ JOJO SCHWARZAUER | By: | |
| --- | --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ ALEX W ZOGHBY MR.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          *(Address of Server)*

*(Type of Process Server)*          *(Server's Signature)*          _____

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2018-903086.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

**NOTICE TO:** DAN LOCKWOOD HERRINGTON, 5022 HARTLEY PEAVEY DR., MERIDIAN, MS 39305

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROOSEVELT HUNTER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 12/5/2018 2:33:00 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ ALEX W ZOGHBY MR.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

| *(Name of Person Served)* | *(Name of County)* |
|---|---|

Alabama on _____.

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2018-903086.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

**NOTICE TO:** D & D TRANSPORT INC, C/O COURTLAND GRAY 5022 HARTLEY PEAVEY RD, MERIDIAN, MS 39305

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROOSEVELT HUNTER pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 12/5/2018 2:33:00 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ ALEX W ZOGHBY MR.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____
*(Type of Process Server)*          *(Address of Server)*

_____          _____
*(Server's Signature)*          *(Phone Number of Server)*

_____
*(Server's Printed Name)*

DOCUMENT 9

| State of Alabama | **ORIGINAL SUMMONS** | Court Case Number |
|---|---|---|
| Unified Judicial System | **- CIVIL -** | 02-CV-2018-903086.00 |
| Form C-34   Rev. 4/2017 | | |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

**NOTICE TO:** DAN LOCKWOOD HERRINGTON, 10838 BYRD DORNER RD, COLLINSVILLE, MS 39325

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROOSEVELT HUNTER pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 12/5/2018 2:33:00 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ ALEX W ZOGHBY
*(Plaintiff's/Attorney's Signature)*

Jojo Schwarzauer, Circuit Clerk
MOBILE COUNTY CIVIL DIVISION
Mobile Government Plaza, Room C936

### RETURN ON SERVICE
205 Government Street
Mobile, Alabama 36644-2936

☐ Re...

☐ I ce...

*(Date)*

...d Complaint or other document to _____ County,

*(Name of County)*

Alaba...

*(Address of Server)*

[Type ...

*(Phone Number of Server)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)   $ _____
☐ Return Receipt (electronic)   $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required   $ _____
☐ Adult Signature Restricted Delivery   $ _____

Postage
$

Total Postage and Fees
$

Sent To: *Dan Lockwood Herrington*

Street and Apt. No., or PO Box No.

City, State, ZIP+4

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Postmark Here

86.00

...OOD HERRINGTON ET AL

D001 - DAN LOCKWOOD HERRINGTON
*(Defendant)*

### SERVICE RETURN COPY

DOCUMENT 9

# ORIGINAL

AVSO305

ALABAMA JUDICIAL DATA CENTER
MOBILE        COUNTY

ORDER FOR SERVICE AND RETURN

CV 2018 903086.00
JAMES T. PATTERSON

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN THE CIRCUIT  COURT OF   MOBILE      COUNTY

ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

SERVE ON:  D001

HERRINGTON DAN LOCKWOOD
10838 BYRD DORNER RD
COLLINSVILLE   ,MS  39325-0000

NOTES:
YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
12/05/2018   DATE        CLERK: JOJO SCHWARZAUER               BY:
                         205 GOVERNMENT STREET
                         MOBILE  AL  36644-2936
                         (251)574-8420

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
DOCUMENT IN _____ COUNTY, ALABAMA
TO:

_____          _____
                                 SIGNATURE OF SERVER

_____

_____          _____
NAME / ADDRESS ABOVE             DATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
OPERATOR: RUP
PREPARED: 12/05/2018

DOCUMENT 9

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | ORIGINAL SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2018-903086.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

**NOTICE TO:** DAN LOCKWOOD HERRINGTON, 5022 HARTLEY PEAVEY DR., MERIDIAN, MS 39305

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROOSEVELT HUNTER pursuant to the Alabama Rules of the Civil Procedure.

| 12/5/2018 2:33:00 PM | /s/ JOJO SCHWARZAUER | By |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ ALEX W ZOGHBY
*(Plaintiff's/Attorney's Signature)*

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936

## RETURN ON SERVICE
205 Government Street
Mobile, Alabama 36644-2936

☐ Re

☐ I ce

Alaba

*(Type o*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

___ d Complaint or other document to _____
_____ County,

*(Date)*

*(Name of County)*

*(Address of Server)*

*(Phone Number of Server)*

$6.00
WOOD HERRINGTON ET AL

D002 - DAN LOCKWOOD HERRINGTON
*(Defendant)*

## SERVICE RETURN COPY

DOCUMENT 9

# ORIGINAL

AVSO305

ALABAMA JUDICIAL DATA CENTER
MOBILE          COUNTY

ORDER FOR SERVICE AND RETURN

CV 2018 903086.00
JAMES T. PATTERSON

------------------------------------------------------------------------

IN THE CIRCUIT  COURT OF    MOBILE       COUNTY

ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

SERVE ON:  D002


HERRINGTON DAN LOCKWOOD
5022 HARTLEY PEAVEY DR.

MERIDIAN      ,MS  39305-0000


NOTES:
    YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE


------------------------------------------------------------------------
TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
        YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
        TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
    12/05/2018  DATE          CLERK: JOJO SCHWARZAUER            BY
                              205 GOVERNMENT STREET
                              MOBILE  AL  36644-2936
                              (251)574-8420

------------------------------------------------------------------------
    I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
        DOCUMENT IN _____ COUNTY, ALABAMA
        TO:

    _____              _____
                                         SIGNATURE OF SERVER

    _____
    _____

    NAME / ADDRESS ABOVE                 DATE
------------------------------------------------------------------------
OPERATOR: RUP
PREPARED: 12/05/2018

DOCUMENT 9

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **ORIGINAL SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2018-903086.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

**NOTICE TO:** D & D TRANSPORT INC, C/O COURTLAND GRAY 5022 HARTLEY PEAVEY RD, MERIDIAN, MS 39305

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ROOSEVELT HUNTER pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 12/5/2018 2:33:00 PM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

Jojo Schwarzauer, Circuit Clerk

☑ Certified Mail is hereby requested.   /s/ ALEX W ZOGHBY   MOBILE COUNTY-CIVIL DIVISION
*(Plaintiff's/Attorney's Signature)*   Mobile Government Plaza, Room C936
205 Government Street

## RETURN ON SERVICE
Mobile, Alabama 36644-2936

☐
☐
*(Date)*

and Complaint or other document to

_____ County,
*(Name of County)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

| Certified Mail Fee | $ |
|---|---|
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |
| Total Postage and Fees | $ |

Postmark
Here

Sent To   *D & D Transport Inc.*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

_____
*(Address of Server)*

_____
*(Phone Number of Server)*

...086.00
...KWOOD HERRINGTON ET AL

D003 - D & D TRANSPORT INC
*(Defendant)*

## SERVICE RETURN COPY

DOCUMENT 9

# ORIGINAL

AVSO305

ALABAMA JUDICIAL DATA CENTER
MOBILE        COUNTY

ORDER FOR SERVICE AND RETURN

CV 2018 903086.00
JAMES T. PATTERSON

-------------------------------------------------------------------

IN THE CIRCUIT  COURT OF    MOBILE        COUNTY

ROOSEVELT HUNTER ET AL V. DAN LOCKWOOD HERRINGTON ET AL

SERVE ON:  D003

        D & D TRANSPORT INC
        C/O COURTLAND GRAY
        5022 HARTLEY PEAVEY RD
        MERIDIAN        ,MS  39305-0000

NOTES:
     YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
        YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
        TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
 12/05/2018   DATE          CLERK JOJO SCHWARZAUER          BY
                            205 GOVERNMENT STREET
                            MOBILE  AL  36644-2936
                            (251)574-8420

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
   DOCUMENT IN _____ COUNTY, ALABAMA
   TO:

   _____              SIGNATURE OF SERVER

   _____

   NAME / ADDRESS ABOVE                  DATE
OPERATOR: RUP
PREPARED: 12/05/2018

DOCUMENT 10

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

_____

_____

Plaintiff(s)

vs.

_____

_____

Defendant(s)

CIVIL ACTION NO. _____

DATE COMPLAINT FILED _____

ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex, or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial.  A motion filed later than the aforesaid 40 days will not be considered by the Court.  Oral argument may be requested on an exclusion motion.  If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties.  If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time.  Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint.  If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties.  If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)    The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   EXPERTS

   a.   Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

   b.   Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

   c.   Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

   d.   Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.   JURY INSTRUCTIONS

   If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.   JURY SELECTION

   Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.   DUTY TO SUPPLEMENT DISCOVERY

   All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.   MOTIONS GENERALLY

   If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.   CONFLICTS

   In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

   It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

   Done this the _____ day of _____

                                        _____
                                        Presiding Judge, John R. Lockett

DOCUMENT 11

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DAN LOCKWOOD HERRINGTON
5022 HARTLEY PEAVEY DR.
MERIDIAN, MS 39305

CV18-91308

9590 9402 4154 8092 8238 93

2. Article Number (Transfer from service label)

7017 2620 0000 9704 8755

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY—CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

DOCUMENT 13

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D & D TRANSPORT INC
C/O COURTLAND GRAY
5022 HARTLEY PEAVEY RD
MERIDIAN, MS 39305



9590 9402 4154 8092 8239 09

2. Article Number (Transfer from service label)

7017 2620 0000 9904 8762

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Damien Carpenter_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

_Damien Carpenter_

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

DOCUMENT 13

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

• Sender: Please print your name, address, and ZIP+4® in this box•

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

United States
Postal Service

DOCUMENT 15

ELECTRONICALLY FILED
12/28/2018 1:14 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT HUNTER AND ALMEDA ROBINSON, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) **CASE NO: 18-CV-903086** ) ) |
| D & D TRANSPORT, INC.; DAN LOCKWOOD HERRINGTON, et al., | ) ) ) |
| **Defendants.** | ) |

### ANSWER

COMES NOW Defendant D & D Transport, Inc., (hereinafter "D&D"), and in answer to the Plaintiffs' Complaint, states as follows:

### A.   SPECIFIC ALLEGATIONS

Defendant D&D responds to the Plaintiffs' specific allegations in their Complaint by saying as follows:

1.      This Defendant admits the allegations in this paragraph.

2.      This Defendant admits the allegations in this paragraph.

3.      This Defendant admits the allegations in this paragraph.

4.      This Defendant admits the allegations in this paragraph.

5.      No responses is required to this paragraph.

6.      No responses is required to this paragraph.

### COUNT ONE- NEGLIGENCE

7.      No response to this paragraph is required.

8.      This Defendant denies the allegations in this paragraph and demands strict proof thereof.

DOCUMENT 15

9.      This Defendant denies the allegations in this paragraph and demands strict proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count One of the Complaint.

## COUNT TWO - WANTONNESS

10.     This Defendant denies the allegations in this paragraph and demands proof thereof.

11.     This Defendant denies the allegations in this paragraph and demands proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Two of the Complaint.

## COUNT THREE – NEGLIGENCE

12.     No response is required to this paragraph.

13.     This Defendant denies the allegations in this paragraph and demands proof thereof.

14.     This Defendant denies the allegations in this paragraph and demand proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Three of the Complaint.

## COUNT FOUR – WANTONESS

15.     This Defendant denies the allegations in this paragraph and demands proof thereof.

16.     This Defendant denies the allegations in this paragraph and demands proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Four of the Complaint.

## COUNT FIVE: NEGLIGENT ENTRUSTMENT

18. (sic) No response is required to this paragraph.

19.     No response is required to this paragraph.

20.     This Defendant admits the allegations in this paragraph.

21.     This Defendant admits the allegations in this paragraph.

22.     This Defendant denies the allegations in this paragraph and demands proof thereof.

23.     This Defendant denies the allegations in this paragraph and demands proof thereof.

24.     This Defendant denies the allegations in this paragraph and demands proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Five of the Complaint.

**B.**    **AFFIRMATIVE DEFENSES**

In addition to the responses to the Plaintiff's specific allegations, Defendant D&D also pleads the following affirmative defenses:

## FIRST DEFENSE

Defendant D&D denies the material allegations in the complaint and demands strict proof thereof.

## SECOND DEFENSE

Defendant D&D pleads the general issue.

DOCUMENT 15

### THIRD DEFENSE

The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### FOURTH DEFENSE

Defendant D&D pleads the contributory negligence of the Plaintiffs and/or of another person with whom one or both of them were engaged in a joint enterprise at the time of the accident.

### FIFTH DEFENSE

Any damages suffered by the Plaintiffs were proximately caused by the tortious acts or omissions of a third party over whom Defendant D&D has or had no control.

### SIXTH DEFENSE

Defendant D&D pleads the failure of the Plaintiffs to mitigate their damages.

### SEVENTH DEFENSE

Defendant D&D pleads the applicable statute of limitations.

### EIGHTH DEFENSE

Some or all of the Plaintiffs' claims are partially or completely barred because one or both of them voluntarily assumed a known a risk.

### NINTH DEFENSE

Defendant D&D pleads intervening and/or superceding negligence.

### TENTH DEFENSE

Defendant D&D pleads sudden emergency.

**ELEVENTH DEFENSE**

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant D&D under the Constitution of the United States of America.

**TWELFTH DEFENSE**

The Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant D&D's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Alabama Constitution, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**THIRTEENTH DEFENSE**

Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to Defendant D&D under the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution in that punitive damages are vague and not rationally related to any legitimate government concerns or interest.

**FOURTEENTH DEFENSE**

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided to Defendant D&D under the Sixth Amendment to the United States Constitution in that punitive damages are penal in nature and consequently, Defendant D&D is entitled to the same procedural safeguards afforded to criminal defendants.

**FIFTEENTH DEFENSE**

It is violative of the Self Incrimination Clause of the Fifth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, yet compel Defendant D&D to disclose potentially incriminating documents and evidence.

**SIXTEENTH DEFENSE**

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, by requiring a burden of proof by the Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**SEVENTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be an "excessive fine" in violation of the Eighth Amendment to the United States Constitution and Article I, section 15 of the Alabama Constitution.

**EIGHTEENTH DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights of ordered liberty and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to

determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury  may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-tortfeasors; (5) by failing to provide sufficiently clear, objective and specific standards for appellate review of awards of punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTIETH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code ' 6-11-21 (1975), which states that said damages shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

DOCUMENT 15

/s/ Brett A. Ross _____

Brett A. Ross        ROS024

/s/ Glenn Smith _____

Glenn Smith        SMI

/s/ Elizabeth L. Pratt _____

Elizabeth L. Pratt     PRA018

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 28th day of December 2018;

     Alex W. Zoghby
     Law Office of Alex W. Zoghby
     2601 Dauphin Street
     Mobile, AL 36606
     251-479-1979
     azoghby@zoghbylaw.com

/s/ Brett A. Ross _____

Brett A. Ross

DOCUMENT 17

ELECTRONICALLY FILED
12/28/2018 1:27 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT HUNTER AND ALMEDA ROBINSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO:  18-CV-903086 ) |
| D & D TRANSPORT, INC.; DAN LOCKWOOD HERRINGTON, et al., | ) ) ) |
| Defendants. | ) |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

PLEASE TAKE NOTICE that the following discovery document has been filed on behalf of the Defendant D & D Transport, Inc.,

1.   Defendant D & D Transport's First Interrogatories to Plaintiff Hunter;

2.   Defendant D & D Transport's First Request for Production to Plaintiff Hunter;

3.   Defendant D & D Transport's First Interrogatories to Plaintiff, Robinson; and

4.   Defendant D & D Transport's First Interrogatories to Plaintiff Robinson.

/s/ Brett A. Ross
Brett A. Ross          ROS024

/s/ Glenn Smith
Glenn Smith          SMI

/s/ Elizabeth L. Pratt
Elizabeth L. Pratt      PRA018

DOCUMENT 17

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 28th day of December 2018;

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, AL 36606
251-479-1979
azoghby@zoghbylaw.com

/s/ Brett A. Ross
Brett A. Ross

DOCUMENT 18



ELECTRONICALLY FILED
12/28/2018 1:27 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

ROOSEVELT HUNTER AND ALMEDA )
ROBINSON, )
                            )
     **Plaintiffs,** )
                            ) **CASE NO:  18-CV-903086**
**v.** )
                            )
D & D TRANSPORT, INC.; DAN LOCKWOOD)
HERRINGTON, et al., )
                            )
     **Defendants.** )

## DEFENDANT D&D'S FIRST INTERROGATORIES TO PLAINTIFF ROOSEVELT HUNTER

**COMES NOW** Defendant D&D Transport, Inc., pursuant to Rule 33 of the Alabama Rules

of Civil Procedure, and propounds the following Interrogatories to Plaintiff Roosevelt Hunter, to

be answered within the time allowed by law:

### INSTRUCTIONS

    1.  In responding to the following Interrogatories you are required to set forth all of the information known to you or available to you, including but not limited to, all unprivileged information contained in your records or writings or other documents in your possession or under your control, and all unprivileged information known to or in the possession of your attorneys.

    2.  In the event you contend that you are unable to answer or respond in full to any Interrogatories set forth below, after exercising due diligence to secure information to do so, state the answer to the extent possible and to tell why you cannot respond fully, and what you did in attempting to secure the unknown information.

    3.  If you encounter any ambiguity in construing the Interrogatories or instructions, set forth the matter deemed ambiguous and respond to the request by indicating the construction used in responding.

    4.  In the event that any answer called for by any Interrogatory is withheld or limited on the basis of a claimed privilege, identify each answer so withheld or limited, provide the reason for withholding or limiting your response, and state the factual basis for your claim of privilege.

DOCUMENT 18

5.  If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6.  These Interrogatories should be deemed continuing and must be timely supplemented as required by the Alabama Rules of Civil Procedure.

## DEFINITIONS

1.  The words "you," "your," and "yours" mean the Plaintiff who is answering these Interrogatories, including that Plaintiff's employees, accountants, attorney, consultants, agents, representatives, and any and all other persons or entities acting on behalf or at the direction of the Plaintiff.

2.  The words "identify" or "identification," "describe," or "description":

   (a)  when used in reference to an individual means to state his or her full name, occupation, and present or last known business and resident address and telephone numbers;

   (b)  when used in reference to a corporation, association, or business entity means to state its full name and its current business address and telephone number(s);

   (c)  when used in reference to a document, mean to state the type of document (for example, affidavits, reports, synopses of interviews, memoranda, letters, tape recordings or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof;

   (d)  when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the facts of the event, the location, the date, and the persons participating, present, or involved in the event;

   (e)  when used in reference to any communication, means to state the date of communication, where the communication took place, who was present at the time of the communication, the complete content of the communication, the duration of the communication, and each document known to you concerning, referring to or relating to the communication.

3.  The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Alabama Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or video tape, photographs, computer

2

DOCUMENT 18

tape or disc, etc. and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## INTERROGATORIES

1.    Identify yourself, giving name, address, birth date, social security number, and place of employment.

2.    Identify each and every communication or transaction you have had with any Defendant or any employee, representative, and/or agent of D&D Transport.  For each such communication, please identify each employee, representative, and/or agent with whom you have had each such communication or transaction, the date when the communication or transaction took place, and the substance of the communication or transaction.

3.    Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 8 of the Complaint that: "On or about March 28, 2018, at the intersection of St. Stephens Road and Shelton Beach Road in Mobile County, Alabama, the Defendants, negligently caused or allowed a motor vehicle to collide with the motor vehicle occupied by Plaintiff, ROOSEVELT HUNTER.".

4.    Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 11 of the Complaint that the Plaintiff was injured because "The conduct of the Defendants was committed under such circumstances as to warrant the imposition of punitive damages, which are expressly claimed."

5.    Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 22 of the Complaint that: "At all material hereto,. DAN LOCKWOOD HERRINGTON was incompetent to operate or control the motor vehicle by reason of his experience, habits or recklessness."

3

DOCUMENT 18

6.      Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 23 of the Complaint that:  "At all said times hereto, the entrustor knew or should have known that DAN LOCKWOOD HERRINGTON was incompetent to operate or control the motor vehicle entrusted to him, but nonetheless placed or entrusted it to his operation and control."

7.      State fully the purpose of the trip that you were making at the time of the alleged accident, including in your answer the place from which you had left and the place to which you were going.

8.      If you saw Mr. Herrington's vehicle prior to the collision, then state specifically where Mr. Herrington's vehicle was located when you first observed it with reference to the point of the collision and whether Mr. Herrington's vehicle changed its course of travel at any time from the moment you first observed it until the collision occurred and, if so, then describe fully and in detail what change Mr. Herrington's vehicle made in the course of its travel.

9.      If the automobile you were occupying made any change in the course of its travel from the moment you first observed Mr. Herrington's vehicle until the collision occurred, describe fully such change in the course of travel of your automobile, including in your answer your best judgment of distance in number of feet the automobile you were driving traveled from the moment you first observed said other vehicle until the collision occurred.

10.      Did you have a cellular phone with you at the time of the subject accident?  If so, please state the number and identify the cellular provider.

11.      Describe all skid marks or tire marks which you contend were made by any of the vehicles involved in this accident.

4

12.     State your best judgment of the speed in miles per hour of the vehicle you were driving at the occasion of said accident during the course of its last five hundred (500) feet of travel prior to impact.

13.     Do you recall whether Mr. Herrington made any statements in your presence?  If so, please state when, where, and what was said by him.

14.     If any witnesses to the subject accident has ever made any statements to you or anyone acting on your behalf, or in your presence, either at the scene or afterwards, state when, where, and what was said by such witnesses.

15.     State whether you had been drinking any alcoholic beverages, used any drugs, or taken any medication within the twenty-four (24) hours preceding the subject accident.

16.     State the names and addresses of all doctors, hospitals, or other medical providers who examined or treated you for any injuries you claim to have sustained in the accident made the subject of this lawsuit.  Please also provide a calculation of such expenses incurred for treatment by those providers listed.

17.     Other than those listed above, state every disease, illness, ailment, or injury you have sustained **since the date of the accident**.  Include the disease, illness, ailment, or injury you sustained, the date of occurrence, and the name, specialist and location of each treating physician, chiropractor, therapist or other healthcare provider.

18.     State every disease, illness, ailment, or injury sustained **prior to the date of the accident** at issue in this case.  Include the disease, illness, ailment, or injury you sustained the date of the occurrence, and the name, specialty and location of each treating physician, chiropractor, therapist, or other healthcare provider.

19.     List and provide an itemized statement of all damages you claim you have sustained as a result of this accident.  Produce all documentation or records of any kind, including bills, cancelled checks, receipts, or insurance claim documents which substantiate the amount of any damages you have claimed.  Include in your answer any financial loss you are claiming as a result of this accident.  Please note that a reference to medical records or other documents is not responsive.

20.     Without a blanket reference to medical records, for each provider of healthcare you claim is related, state the amount charged for all medical expenses, the amount paid by health insurance, Medicaid, Medicate, medical payments coverage or other collateral source, the amount paid "out of pocket" and the amount written off of reduced pursuant to any agreements between healthcare providers and insurers or other payors.  Answer in the assigned spaces as follows:

| Healthcare Provider | Total Charged | Paid by Ins. or Other Collateral Source | Paid or Owed by Plaintiff – "Out of Pocket" | Amount Reduced or Written Off |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

21.     Please list all entities providing health insurance coverage to you from the date of your accident or loss until today.  Please include the, policy and member number, dates of coverage and the address of the company.

6

22.     Have you received or obtained a loan against any recovery in this lawsuit or otherwise been paid a sum in exchange for a future payment out of the proceeds for any recovery from this lawsuit?  If your answer is yes, please provide the following:

   a.     Name, address and telephone number of the lender;
   b.     Name and extension of the direct contact person for the loan;
   c.     Loan or account number;
   d.     The amount of any such loan;
   e.     The material terms of repayment;
   f.     Whether such loan is a non-recourse loan;
   g.     Whether you made any statements to the lender that address liability, damages or allegation in the complaint and what those statements are.

23.     Please state whether you have received any payment or settlement from any other party or on behalf of any other party involved in the subject accident.  If you have received such payment or settlement, please identify the source, amount and date of payment.

24.     State the name, address and telephone number of your primary care physician or family physician.

25.     List the name, address, city/state, and phone number for each pharmacy where you have filled prescriptions in the past ten years.

26.     If you have ever had injuries in any of the same areas of your body as you contend were injured in this accident, then state the names and addresses of all doctors, hospitals, or other medical providers who have examined or treated you for such injuries.

27.     If any insurance company, including health insurers, or any other person, firm, or corporation paid all or any portion of any expense for medicine, physicians, dentists, nurses, hospitals, or other related care or treatment which you received as a result of the injuries allegedly suffered by you in the accident made the basis of this lawsuit, state the name of the person, firm, or corporation paying such items of expense, which of the items of expense were so paid, and the total amount of the expenses that were paid.

DOCUMENT 18

28.   Have you ever applied for Social Security Disability benefits?  If so, please state:

(a)   the date of each such application;

(b)   the location (city) of application;

(c)   the status of the application; and

(d)   identify any attorney(s) representing you in that matter.

29.   List all damages you claim to have incurred as a result of the allegations in your Complaint and state why you claim the damage occurred, a description of the nature and extent of the damage, the monetary cost of the damage, and any efforts taken to repair, remedy, or mitigate the claimed damage.

29.   Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this suit.

30.   Please identify any and all other lawsuits you have ever filed.  For each, please identify the date of commencement, the venue, and the parties.  Please also provide a brief description of the subject matter of each such lawsuit.

31.   Please identify each physician, chiropractor, hospital, physical therapist, psychiatrist, psychologist, or other medical professional who has treated you for the injuries you claim to be related to the subject accident.

32.   Please identify each physician, chiropractor, hospital, physical therapist, psychiatrist, psychologist or other medical professional who has treated you for any reason from January 1, 1998 to the present.  For each such person or entity listed in response, please state the reason and approximate dates for treatment.

33.   Identify each person, save counsel, to whom you have spoken about this case, and state when the communication took place and the substance of the communication.

8

DOCUMENT 18

34.     If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment, plea or conviction and state what the arrest, indictment or conviction was for.

35.     Have you ever filed bankruptcy?  If so, please state the name of the court the bankruptcy was filed in, the case number, the type of bankruptcy filed, the name of the trustee in bankruptcy, the name of the attorney representing you in bankruptcy, and the disposition of the case.

36.     Identify each person whom you expect to use as an expert witness in connection with the trial of this case, and as to each individual, also state and identify the following information:

(a) the subject upon which the individual is expected to testify and the opinions and conclusions that the individual is expected to provide at trial;

(b) the facts upon which the individual's opinion and conclusions are based;

(c) summary of the grounds for each of the individual's opinions or conclusions;

(d) each school attended, the dates of attendance, the date of graduation, and the degrees received;

(e) each employer including the dates of employment, job titles held, and reasons for leaving that employment;

(f) each honorary society, professional society and/or professional organization to which the individual belongs or has belonged, and any offices in those organizations or societies which the individuals has held or holds and the dates each office was held;

(g) each article or publication that the individual has authored or to which the individual has contributed;

9

DOCUMENT 18

(h) each judicial or administrative proceeding which the individual has testified in the last five (5) years or is currently expected to testify;

(i) each person with whom the individual has communicated in connection with the case and the substance of the communication;

(j) all material including without limitation, articles, manuals, treatises, books, tables, charts, statistical analysis, calculations, notes and published materials of any nature that the individual reviewed in connection with this proceeding or which the individual may utilize at the trial; and,

(k) each document created by the individual in connection with this proceeding.

/s/ Brett A. Ross
Brett A. Ross              ROS024

/s/ Glenn Smith
Glenn Smith                SMI

/s/ Elizabeth L. Pratt
Elizabeth L. Pratt         PRA018

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

10

DOCUMENT 18

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 28th day of December 2018;

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, AL 36606
251-479-1979
azoghby@zoghbylaw.com

/s/ Brett A. Ross_____
Brett A. Ross

11

DOCUMENT 19



ELECTRONICALLY FILED
12/28/2018 1:27 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

ROOSEVELT HUNTER AND ALMEDA        )
ROBINSON,                          )
                                   )
    **Plaintiffs,**               )
                                   ) **CASE NO: 18-CV-903086**
**v.**                             )
                                   )
D & D TRANSPORT, INC.; DAN LOCKWOOD)
HERRINGTON, et al.,                )
                                   )
    **Defendants.**               )

## DEFENDANT D&D'S FIRST INTERROGATORIES TO PLAINTIFF ALMEDA ROBINSON

**COMES NOW** Defendant D&D Transport, Inc., pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following Interrogatories to Plaintiff Almeda Robinson, to be answered within the time allowed by law:

### INSTRUCTIONS

1.  In responding to the following Interrogatories you are required to set forth all of the information known to you or available to you, including but not limited to, all unprivileged information contained in your records or writings or other documents in your possession or under your control, and all unprivileged information known to or in the possession of your attorneys.

2.  In the event you contend that you are unable to answer or respond in full to any Interrogatories set forth below, after exercising due diligence to secure information to do so, state the answer to the extent possible and to tell why you cannot respond fully, and what you did in attempting to secure the unknown information.

3.  If you encounter any ambiguity in construing the Interrogatories or instructions, set forth the matter deemed ambiguous and respond to the request by indicating the construction used in responding.

4.  In the event that any answer called for by any Interrogatory is withheld or limited on the basis of a claimed privilege, identify each answer so withheld or limited, provide the reason for withholding or limiting your response, and state the factual basis for your claim of privilege.

5.  If your answer contains information that is available to you, but not of your personal knowledge, identify the source of such information.

6.  These Interrogatories should be deemed continuing and must be timely supplemented as required by the Alabama Rules of Civil Procedure.

## DEFINITIONS

1.  The words "you," "your," and "yours" mean the Plaintiff who is answering these Interrogatories, including that Plaintiff's employees, accountants, attorney, consultants, agents, representatives, and any and all other persons or entities acting on behalf or at the direction of the Plaintiff.

2.  The words "identify" or "identification," "describe," or "description":

>   (a)  when used in reference to an individual means to state his or her full name, occupation, and present or last known business and resident address and telephone numbers;

>   (b)  when used in reference to a corporation, association, or business entity means to state its full name and its current business address and telephone number(s);

>   (c)  when used in reference to a document, mean to state the type of document (for example, affidavits, reports, synopses of interviews, memoranda, letters, tape recordings or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof;

>   (d)   when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the facts of the event, the location, the date, and the persons participating, present, or involved in the event;

>   (e)  when used in reference to any communication, means to state the date of communication, where the communication took place, who was present at the time of the communication, the complete content of the communication, the duration of the communication, and each document known to you concerning, referring to or relating to the communication.

3.  The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Alabama Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or video tape, photographs, computer

2

tape or disc, etc. and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## INTERROGATORIES

1.      Identify yourself, giving name, address, birth date, social security number, and place of employment.

2.      Identify each and every communication or transaction you have had with any Defendant or any employee, representative, and/or agent of D&D Transport.   For each such communication, please identify each employee, representative, and/or agent with whom you have had each such communication or transaction, the date when the communication or transaction took place, and the substance of the communication or transaction.

3.      Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 13 of the Complaint that: "On or about March 28, 2018, upon, St. Stephens Road at the intersection of Shelton Beach Road in Mobile County, Alabama, the Defendants negligently caused or allowed a motor vehicle to collide with the motor vehicle occupied by the Plaintiff, ALMEDA ROBINSON".

4.      Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 16 of the Complaint that the Plaintiff was injured because "The conduct of the Defendants was committed under such circumstances as to warrant the imposition of punitive damages, which are expressly claimed."

5.      Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 22 of the Complaint that: "At all material hereto, DAN LOCKWOOD HERRINGTON was incompetent to operate or control the motor vehicle by reason of his experience, habits or recklessness."

3

DOCUMENT 19

6.    Identify and describe every fact, statement and document upon which you rely to support your contention in paragraph 23 of the Complaint that:  "At all said times hereto, the entrustor knew or should have known that DAN LOCKWOOD HERRINGTON was incompetent to operate or control the motor vehicle entrusted to him, but nonetheless placed or entrusted it to his operation and control."

7.    If you saw Mr. Herrington's vehicle prior to the collision, then state specifically where Mr. Herrington's vehicle was located when you first observed it with reference to the point of the collision and whether Mr. Herrington's vehicle changed its course of travel at any time from the moment you first observed it until the collision occurred and, if so, then describe fully and in detail what change Mr. Herrington's vehicle made in the course of its travel.

8.    If the automobile you were occupying made any change in the course of its travel from the moment you first observed Mr. Herrington's vehicle until the collision occurred, describe fully such change in the course of travel of your automobile, including in your answer your best judgment of distance in number of feet the automobile you were driving traveled from the moment you first observed said other vehicle until the collision occurred.

9.    Did you have a cellular phone with you at the time of the subject accident?  If so, please state the number and identify the cellular provider.

10.    Describe all skid marks or tire marks which you contend were made by any of the vehicles involved in this accident.

11.    State your best judgment of the speed in miles per hour of the vehicle you were driving at the occasion of said accident during the course of its last five hundred (500) feet of travel prior to impact.

4

DOCUMENT 19

12.    Do you recall whether Mr. Herrington made any statements in your presence?  If so, please state when, where, and what was said by him.

13.    If any witnesses to the subject accident has ever made any statements to you or anyone acting on your behalf, or in your presence, either at the scene or afterwards, state when, where, and what was said by such witnesses.

14    State whether you had been drinking any alcoholic beverages, used any drugs, or taken any medication within the twenty-four (24) hours preceding the subject accident.

15.    State the names and addresses of all doctors, hospitals, or other medical providers who examined or treated you for any injuries you claim to have sustained in the accident made the subject of this lawsuit.  Please also provide a calculation of such expenses incurred for treatment by those providers listed.

16.    Other than those listed above, state every disease, illness, ailment, or injury you have sustained **since the date of the accident**.  Include the disease, illness, ailment, or injury you sustained, the date of occurrence, and the name, specialist and location of each treating physician, chiropractor, therapist or other healthcare provider.

17.    State every disease, illness, ailment, or injury sustained **prior to the date of the accident** at issue in this case.  Include the disease, illness, ailment, or injury you sustained the date of the occurrence, and the name, specialty and location of each treating physician, chiropractor, therapist, or other healthcare provider.

18.    List and provide an itemized statement of all damages you claim you have sustained as a result of this accident.  Produce all documentation or records of any kind, including bills, cancelled checks, receipts, or insurance claim documents which substantiate the amount of any damages you have claimed.  Include in your answer any financial loss you are claiming as a result

5

of this accident. Please note that a reference to medical records or other documents is not responsive.

19.     Without a blanket reference to medical records, for each provider of healthcare you claim is related, state the amount charged for all medical expenses, the amount paid by health insurance, Medicaid, Medicate, medical payments coverage or other collateral source, the amount paid "out of pocket" and the amount written off of reduced pursuant to any agreements between healthcare providers and insurers or other payors. Answer in the assigned spaces as follows:

| Healthcare Provider | Total Charged | Paid by Ins. or Other Collateral Source | Paid or Owed by Plaintiff – "Out of Pocket" | Amount Reduced or Written Off |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

20.     Please list all entities providing health insurance coverage to you from the date of your accident or loss until today. Please include the, policy and member number, dates of coverage and the address of the company.

21.     Have you received or obtained a loan against any recovery in this lawsuit or otherwise been paid a sum in exchange for a future payment out of the proceeds for any recovery from this lawsuit? If your answer is yes, please provide the following:

    a.     Name, address and telephone number of the lender;
    b.     Name and extension of the direct contact person for the loan;
    c.     Loan or account number;
    d.     The amount of any such loan;
    e.     The material terms of repayment;
    f.     Whether such loan is a non-recourse loan;

DOCUMENT 19

g.      Whether you made any statements to the lender that address liability,
        damages or allegation in the complaint and what those statements are.

22.     Please state whether you have received any payment or settlement from any other

party or on behalf of any other party involved in the subject accident.  If you have received such

payment or settlement, please identify the source, amount and date of payment.

23.     State the name, address and telephone number of your primary care physician or

family physician.

24.     List the name, address, city/state, and phone number for each pharmacy where you

have filled prescriptions in the past ten years.

25.     If you have ever had injuries in any of the same areas of your body as you contend

were injured in this accident, then state the names and addresses of all doctors, hospitals, or other

medical providers who have examined or treated you for such injuries.

26.     If any insurance company, including health insurers, or any other person, firm, or

corporation paid all or any portion of any expense for medicine, physicians, dentists, nurses,

hospitals, or other related care or treatment which you received as a result of the injuries allegedly

suffered by you in the accident made the basis of this lawsuit, state the name of the person, firm,

or corporation paying such items of expense, which of the items of expense were so paid, and the

total amount of the expenses that were paid.

27.     Have you ever applied for Social Security Disability benefits?  If so, please state:

(a)     the date of each such application;

(b)     the location (city) of application;

(c)     the status of the application; and

(d)     identify any attorney(s) representing you in that matter.

7

DOCUMENT 19

28.   List all damages you claim to have incurred as a result of the allegations in your Complaint and state why you claim the damage occurred, a description of the nature and extent of the damage, the monetary cost of the damage, and any efforts taken to repair, remedy, or mitigate the claimed damage.

29.   Identify each and every person whom you believe has discoverable knowledge of the claims made the basis of this suit.

30.   Please identify any and all other lawsuits you have ever filed.  For each, please identify the date of commencement, the venue, and the parties.  Please also provide a brief description of the subject matter of each such lawsuit.

31.   Please identify each physician, chiropractor, hospital, physical therapist, psychiatrist, psychologist, or other medical professional who has treated you for the injuries you claim to be related to the subject accident.

32.   Please identify each physician, chiropractor, hospital, physical therapist, psychiatrist, psychologist or other medical professional who has treated you for any reason from January 1, 1998 to the present.  For each such person or entity listed in response, please state the reason and approximate dates for treatment.

33.   Identify each person, save counsel, to whom you have spoken about this case, and state when the communication took place and the substance of the communication.

34.   If you have ever been arrested, indicted, plead guilty, or convicted of a criminal offense, please provide the state, county and date of the arrest, indictment, plea or conviction and state what the arrest, indictment or conviction was for.

35.   Have you ever filed bankruptcy?  If so, please state the name of the court the bankruptcy was filed in, the case number, the type of bankruptcy filed, the name of the trustee in

DOCUMENT 19

bankruptcy, the name of the attorney representing you in bankruptcy, and the disposition of the case.

36.     Identify each person whom you expect to use as an expert witness in connection with the trial of this case, and as to each individual, also state and identify the following information:

(a) the subject upon which the individual is expected to testify and the opinions and conclusions that the individual is expected to provide at trial;

(b) the facts upon which the individual's opinion and conclusions are based;

(c) summary of the grounds for each of the individual's opinions or conclusions;

(d) each school attended, the dates of attendance, the date of graduation, and the degrees received;

(e) each employer including the dates of employment, job titles held, and reasons for leaving that employment;

(f) each honorary society, professional society and/or professional organization to which the individual belongs or has belonged, and any offices in those organizations or societies which the individuals has held or holds and the dates each office was held;

(g) each article or publication that the individual has authored or to which the individual has contributed;

(h) each judicial or administrative proceeding which the individual has testified in the last five (5) years or is currently expected to testify;

(i) each person with whom the individual has communicated in connection with the case and the substance of the communication;

9

DOCUMENT 19

(j) all material including without limitation, articles, manuals, treatises, books, tables, charts, statistical analysis, calculations, notes and published materials of any nature that the individual reviewed in connection with this proceeding or which the individual may utilize at the trial; and,

(k) each document created by the individual in connection with this proceeding.

/s/ Brett A. Ross
Brett A. Ross          ROS024

/s/ Glenn Smith
Glenn Smith           SMI

/s/ Elizabeth L. Pratt
Elizabeth L. Pratt     PRA018

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

10

DOCUMENT 19

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 28th day of December 2018;

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, AL 36606
251-479-1979
azoghby@zoghbylaw.com

/s/ Brett A. Ross_____
Brett A. Ross

11

DOCUMENT 20



ELECTRONICALLY FILED
12/28/2018 1:27 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

ROOSEVELT HUNTER AND ALMEDA )
ROBINSON,                      )
                               )
    Plaintiffs,     )
                               ) CASE NO:  18-CV-903086
v.                             )
                               )
D & D TRANSPORT, INC.; DAN LOCKWOOD)
HERRINGTON, et al.,            )
                               )
    Defendants.     )

## DEFENDANT D&D'S FIRST REQUEST FOR
## PRODUCTION TO PLAINTIFF ROOSEVELT HUNTER

**COMES NOW** Defendant D&D Transport, Inc.'s, pursuant to Rule 33 of the Alabama

Rules of Civil Procedure, and propounds the following Requests for Production to Plaintiff

Roosevelt Hunter to be answered within the time allowed by law:

### INSTRUCTIONS

1.    In responding to the following requests you are required to set forth all the documents known to you or available to you, including, but not limited to, all unprivileged documents and information contained in your records or writings, or documents in your possession or under your control, and all unprivileged documents in the possession of your attorneys.

2.    In the event you contend that you are unable to answer or respond in full to any request set forth below after exercising due diligence to secure the documents requested, state you response to the extent possible, and tell why you cannot respond fully and what you did in attempting to secure the documents.

3.    If you encounter any ambiguity in construing the discovery requests or instructions, set forth in the matter deemed Aambiguous@ and respond to the request by indicating the construction used in responding.

4.    In the event that a response called for by any request is withheld or limited on the basis of a claim to privilege, identify each response withheld or limited and provide the reason for withholding or limiting you response and state the factual basis for your claim of privilege.

1

DOCUMENT 20

5       These requests should be deemed continuing and must be timely supplemented as required by the Alabama Rules of Civil Procedure.

## DEFINITIONS

1.      The words "you," "your" and "yours" mean the Plaintiff who is answering these requests, including that Plaintiff's employees, accountants, attorneys, consultants, agents, representatives, and any and other persons or entities acting on behalf of or at the direction of the Plaintiff.

2.      The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Alabama Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or videotape, photographs, computer tape or disc, etc., and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## REQUESTS FOR PRODUCTION

1.      All documents identified in the accompanying Interrogatories to the Plaintiffs or referred to by you in answering said Interrogatories.

2.      Every photograph or other evidence of damage to your property which you allege was caused by any Defendant.

3.      Every document evidencing or relating to any attempt by you to remedy, repair, mitigate, or correct any of the damages alleged in the Complaint.

4.      All books, record, diaries, journals, calendars, notes, correspondence, or other documents which in any way refer to or relate to any of the claims or allegations set forth in the Complaint.

5.      All documents received by you from any Defendant, or furnished by you to either Defendant, which relate in any way to the allegations in the Complaint.

6.      All documents received by you from any third party or provided by you to any third party which relate in any way to the subject accident, injuries or damages.  In your answer, please exclude any communications with your attorneys.

2

7.     All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person, whether acting on your behalf or otherwise, into the matters which form the basis of the Complaint.

8.     All documents which evidence, pertain to, or relate to any statements, affidavits, or conversation of or with any persons with knowledge of the facts made the basis of this case.

9.     Each and every document and photograph which you intend to offer as evidence at the trial of this action.

10.     All documents related to any bankruptcy filed by you, including petition for bankruptcy and all resulting papers.

11.     Any and all bills, notes, reports or other documents of engineers, biomechanics, reconstructionists, human factors experts, investigators, or other persons employed to provide testimony or otherwise advise the Plaintiff regarding the subject accident.

12.     Any policies of insurance, including health insurance, which may provide coverage to the Plaintiff in this case.

13.     Any evidence of monetary payments or settlements, including health insurance, received by the Plaintiffs or paid on behalf of the Plaintiffs because of the incidents which form the basis of the Complaint.

14.     Any and all documents related to, evidencing, or supporting any claim in this case for lost past income or wages, lost earning capacity, or lost future income or wages.

15.     Any and all repair estimates or repair bills related to any property damage allegedly involved in the accident made the basis of this suit.

3

Case 1:19-cv-00180-C   Document 1-1   Filed 04/05/19   Page 87 of 106
DOCUMENT 20

16.     Any and all documents related to the original purchase of the vehicle you were occupying at the time of said accident, including financing agreement and any and all documents evidencing its sale.

17.     Any and all photographs of the accident scene.

18.     Any and all photographs of the vehicles involved in the subject accident.

19.     Any and all photographs of your injuries claimed to have occurred because of the subject accident.

20.     If you claim lost wages or reduced earning capacity, please produce your federal income tax returns, including all attachments, for the years 2005 to the present.

21.     Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the complaint or which the Plaintiff intends to use at the trial of this case.

22.     Copies of any and all medical bills, doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the complaint.

23.     Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to any medical treatment for any condition, illness or injury suffered by you at any time from 1998 to the present.

24.     Produce all documents regarding any loan against any recovery in this lawsuit or any amount paid to you in exchange for a future re-payment out of the proceeds of any recovery

DOCUMENT 20

from this lawsuit.  Specifically, please provide the following:  If your answer is yes, please provide the following:

        a.      Loan application;
        b.      Loan agreement;
        c.      All statements made in conjunction with this loan;
        d.      Any correspondence to or from the lender;
        e.      Any other documents or tangible things that reference said loan.

/s/ Brett A. Ross
Brett A. Ross        ROS024

/s/ Glenn Smith
Glenn Smith        SMI

/s/ Elizabeth L. Pratt
Elizabeth L. Pratt        PRA018

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

5

DOCUMENT 20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 28th day of December 2018;

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, AL 36606
251-479-1979
azoghby@zoghbylaw.com

/s/ Brett A. Ross_____
Brett A. Ross

DOCUMENT 21



ELECTRONICALLY FILED
12/28/2018 1:27 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| ROOSEVELT HUNTER AND ALMEDA ROBINSON, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **CASE NO: 18-CV-903086** |
| D & D TRANSPORT, INC.; DAN LOCKWOOD HERRINGTON, et al., | ) ) ) | |
| **Defendants.** | ) ) | |

### DEFENDANT D&D'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF ALMEDA ROBINSON

**COMES NOW** Defendant D&D Transport, Inc.'s, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following Requests for Production to Plaintiff Almeda Robinson to be answered within the time allowed by law:

### INSTRUCTIONS

1.      In responding to the following requests you are required to set forth all the documents known to you or available to you, including, but not limited to, all unprivileged documents and information contained in your records or writings, or documents in your possession or under your control, and all unprivileged documents in the possession of your attorneys.

2.      In the event you contend that you are unable to answer or respond in full to any request set forth below after exercising due diligence to secure the documents requested, state you response to the extent possible, and tell why you cannot respond fully and what you did in attempting to secure the documents.

3.      If you encounter any ambiguity in construing the discovery requests or instructions, set forth in the matter deemed Aambiguous@ and respond to the request by indicating the construction used in responding.

4.      In the event that a response called for by any request is withheld or limited on the basis of a claim to privilege, identify each response withheld or limited and provide the reason for withholding or limiting you response and state the factual basis for your claim of privilege.

1

DOCUMENT 21

5      These requests should be deemed continuing and must be timely supplemented as required by the Alabama Rules of Civil Procedure.

## DEFINITIONS

1.      The words "you," "your" and "yours" mean the Plaintiff who is answering these requests, including that Plaintiff's employees, accountants, attorneys, consultants, agents, representatives, and any and other persons or entities acting on behalf of or at the direction of the Plaintiff.

2.      The words "document" or "documents" shall mean all documents as defined in Rule 34 of the Alabama Rules of Civil Procedure, including, but not limited to, all tangible items of any nature (whether printed, typewritten, handwritten, photographic, stenographic, computer generated, or recorded in any other fashion such as audio or videotape, photographs, computer tape or disc, etc., and however produced or reproduced), both original, not identical copies, drafts and all attachments and appendices thereto.

## REQUESTS FOR PRODUCTION

1.      All documents identified in the accompanying Interrogatories to the Plaintiffs or referred to by you in answering said Interrogatories.

2.      Every photograph or other evidence of damage to your property which you allege was caused by any Defendant.

3.      Every document evidencing or relating to any attempt by you to remedy, repair, mitigate, or correct any of the damages alleged in the Complaint.

4.      All books, record, diaries, journals, calendars, notes, correspondence, or other documents which in any way refer to or relate to any of the claims or allegations set forth in the Complaint.

5.      All documents received by you from any Defendant, or furnished by you to either Defendant, which relate in any way to the allegations in the Complaint.

6.      All documents received by you from any third party or provided by you to any third party which relate in any way to the subject accident, injuries or damages.  In your answer, please exclude any communications with your attorneys.

2

DOCUMENT 21

7.      All documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person, whether acting on your behalf or otherwise, into the matters which form the basis of the Complaint.

8.      All documents which evidence, pertain to, or relate to any statements, affidavits, or conversation of or with any persons with knowledge of the facts made the basis of this case.

9.      Each and every document and photograph which you intend to offer as evidence at the trial of this action.

10.     All documents related to any bankruptcy filed by you, including petition for bankruptcy and all resulting papers.

11.     Any and all bills, notes, reports or other documents of engineers, biomechanics, reconstructionists, human factors experts, investigators, or other persons employed to provide testimony or otherwise advise the Plaintiff regarding the subject accident.

12.     Any policies of insurance, including health insurance, which may provide coverage to the Plaintiff in this case.

13.     Any evidence of monetary payments or settlements, including health insurance, received by the Plaintiffs or paid on behalf of the Plaintiffs because of the incidents which form the basis of the Complaint.

14.     Any and all documents related to, evidencing, or supporting any claim in this case for lost past income or wages, lost earning capacity, or lost future income or wages.

15.     Any and all repair estimates or repair bills related to any property damage allegedly involved in the accident made the basis of this suit.

3

DOCUMENT 21

16.     Any and all documents related to the original purchase of the vehicle you were occupying at the time of said accident, including financing agreement and any and all documents evidencing its sale.

17.     Any and all photographs of the accident scene.

18.     Any and all photographs of the vehicles involved in the subject accident.

19.     Any and all photographs of your injuries claimed to have occurred because of the subject accident.

20.     If you claim lost wages or reduced earning capacity, please produce your federal income tax returns, including all attachments, for the years 2005 to the present.

21.     Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the complaint or which the Plaintiff intends to use at the trial of this case.

22.     Copies of any and all medical bills, doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the complaint.

23.     Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to any medical treatment for any condition, illness or injury suffered by you at any time from 1998 to the present.

24.     Produce all documents regarding any loan against any recovery in this lawsuit or any amount paid to you in exchange for a future re-payment out of the proceeds of any recovery

DOCUMENT 21

from this lawsuit.  Specifically, please provide the following:  If your answer is yes, please provide

the following:

      a.     Loan application;
      b.     Loan agreement;
      c.     All statements made in conjunction with this loan;
      d.     Any correspondence to or from the lender;
      e.     Any other documents or tangible things that reference said loan.


/s/ Brett A. Ross
Brett A. Ross        ROS024


/s/ Glenn Smith
Glenn Smith        SMI


/s/ Elizabeth L. Pratt
Elizabeth L. Pratt     PRA018


**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

5

DOCUMENT 21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 28th day of December 2018;

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, AL 36606
251-479-1979
azoghby@zoghbylaw.com

/s/ Brett A. Ross_____
Brett A. Ross

6

DOCUMENT 23

ELECTRONICALLY FILED
1/7/2019 2:46 PM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ROOSEVELT HUNTER AND ALMEDA ROBINSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 2018-903086 ) |
| D & D TRANSPORT, INC.; DAN LOCKWOOD HERRINGTON, et al., | ) ) ) |
| Defendants. | ) ) |

---

### NOTICE OF APPEARANCE

---

COMES NOW E. Glenn Smith, Jr., and files this Notice of Appearance as additional counsel for Defendant, D & D Transport, Inc., in the above matter.

/s/ E. Glenn Smith, Jr.
E. GLENN SMITH, JR. (SMI298)
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone:    (251) 626-9340
Facsimile:    (251) 626-8928
gsmith@carrallison.com
Attorney for Defendant, D&D Transport, Inc.

### CERTIFICATE OF SERVICE

I do hereby certify that I have on January 7, 2019, electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following counsel or, alternatively, placed the same in the United States mail, properly addressed with first-class postage affixed thereto:

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, Alabama 36606

/s/ E. Glenn Smith, Jr.
OF COUNSEL

DOCUMENT 25



ELECTRONICALLY FILED
1/10/2019 8:57 AM
02-CV-2018-903086.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

ROOSEVELT HUNTER AND ALMEDA )
ROBINSON, )
                           )
     **Plaintiffs,** )
                           ) **CASE NO:  18-CV-903086**
**v.** )
                           )
D & D TRANSPORT, INC.; DAN LOCKWOOD)
HERRINGTON, et al., )
                           )
     **Defendants.** )

## ANSWER

COMES NOW Defendant Dan Lockwood Herrington (hereinafter "Herrington"), and in answer to the Plaintiffs' Complaint, states as follows:

### A.    SPECIFIC ALLEGATIONS

Defendant Herrington responds to the Plaintiffs' specific allegations in her Complaint by saying as follows:

1.    This Defendant admits the allegations in this paragraph.

2.    This Defendant admits the allegations in this paragraph.

3.    This Defendant admits the allegations in this paragraph.

4.    This Defendant admits the allegations in this paragraph.

5.    No responses is required to this paragraph.

6.    No responses is required to this paragraph.

### COUNT ONE- NEGLIGENCE

7.    No response to this paragraph is required.

8.    This Defendant denies the allegations in this paragraph and demands strict proof thereof.

DOCUMENT 25

9.     This Defendant denies the allegations in this paragraph and demands strict proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count One of the Complaint.

## COUNT TWO - WANTONNESS

10.     This Defendant denies the allegations in this paragraph and demands proof thereof.

11.     This Defendant denies the allegations in this paragraph and demands proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Two of the Complaint.

## COUNT THREE – NEGLIGENCE

12.     No response is required to this paragraph.

13.     This Defendant denies the allegations in this paragraph and demands proof thereof.

14.     This Defendant denies the allegations in this paragraph and demand proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Three of the Complaint.

## COUNT FOUR – WANTONESS

15.     This Defendant denies the allegations in this paragraph and demands proof thereof.

16.     This Defendant denies the allegations in this paragraph and demands proof thereof.

DOCUMENT 25

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Four of the Complaint.

## COUNT FIVE: NEGLIGENT ENTRUSTMENT

18. (sic) No response is required to this paragraph.

19.    No response is required to this paragraph.

20.    This Defendant admits the allegations in this paragraph.

21.    This Defendant admits the allegations in this paragraph.

22.    This Defendant denies the allegations in this paragraph and demands proof thereof.

23.    This Defendant denies the allegations in this paragraph and demands proof thereof.

24.    This Defendant denies the allegations in this paragraph and demands proof thereof.

This Defendant further denies that the Plaintiffs are entitled to the relief requested in the ad damnum clause of Count Five of the Complaint.

**B.    AFFIRMATIVE DEFENSES**

In addition to the responses to the Plaintiffs' specific allegations, Defendant Herrington also pleads the following affirmative defenses:

## FIRST DEFENSE

Defendant Herrington denies the material allegations in the complaint and demands strict proof thereof.

## SECOND DEFENSE

Defendant Herrington pleads the general issue.

DOCUMENT 25

### THIRD DEFENSE

The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### FOURTH DEFENSE

Defendant Herrington pleads the contributory negligence of the Plaintiffs and/or of another person with whom one or both of them were engaged in a joint enterprise at the time of the accident.

### FIFTH DEFENSE

Any damages suffered by the Plaintiffs were proximately caused by the tortious acts or omissions of a third party over whom Defendant Herrington has or had no control.

### SIXTH DEFENSE

Defendant Herrington pleads the failure of the Plaintiffs to mitigate their damages.

### SEVENTH DEFENSE

Defendant Herrington pleads the applicable statute of limitations.

### EIGHTH DEFENSE

Some or all of the Plaintiffs' claims are partially or completely barred because one or both of them voluntarily assumed a known a risk.

### NINTH DEFENSE

Defendant Herrington pleads intervening and/or superceding negligence.

### TENTH DEFENSE

Defendant Herrington pleads sudden emergency.

ilar

## ELEVENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant Herrington under the Constitution of the United States of America.

## TWELFTH DEFENSE

The Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant Herrington's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Alabama Constitution, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to Defendant Herrington under the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution in that punitive damages are vague and not rationally related to any legitimate government concerns or interest.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the procedural safeguards provided to Defendant Herrington under the Sixth Amendment to the United States Constitution in that punitive damages are penal in nature and consequently, Defendant Herrington is entitled to the same procedural safeguards afforded to criminal defendants.

**FIFTEENTH DEFENSE**

It is violative of the Self Incrimination Clause of the Fifth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, yet compel Defendant Herrington to disclose potentially incriminating documents and evidence.

**SIXTEENTH DEFENSE**

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, by requiring a burden of proof by the Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**SEVENTEENTH DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be an "excessive fine" in violation of the Eighth Amendment to the United States Constitution and Article I, section 15 of the Alabama Constitution.

**EIGHTEENTH DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights of ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to

DOCUMENT 25

determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury  may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-tortfeasors; (5) by failing to provide sufficiently clear, objective and specific standards for appellate review of awards of punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTIETH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code ' 6-11-21 (1975), which states that said damages shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

DOCUMENT 25

/s/ Brett A. Ross
Brett A. Ross          ROS024

/s/ Glenn Smith
Glenn Smith            SMI298

/s/ Elizabeth L. Pratt
Elizabeth L. Pratt     PRA018

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
bross@carrallison.com
epratt@carrallison.com

**OF COUNSEL**
CARR ALLISON
4305 Lakewood Drive S
Mobile, AL 36608
gsmith@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the e-filing system which will send notification of such filing to the following on this the 10th day of January, 2019

Alex W. Zoghby
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, AL 36606
251-479-1979
azoghby@zoghbylaw.com

/s/ Brett A. Ross
Brett A. Ross



CERTIFIED MAIL®

Bob Schi
MOBILE C
Mobile Go

205 Government Street
Mobile, Alabama 36644-2936

To: DAN LOCKWOOD HERRINGTON
10838 BYRD DORNER RD
COLLINSVILLE, MS, 39325

-B-T-S-  39325536-1N      04/30/19

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

DOCUMENT 27



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DAN LOCKWOOD HERRINGTON
10838 BYRD DORNER RD
COLLINSVILLE, MS 39325

CV-18-90-3086

2. Article Number (Transfer from service label)
7017 2620 0000 9904 8748

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™ Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

☐ Agent
☐ Addressee

Domestic Return Receipt